# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**MUHAMMAD EL-AMIN**  **PLAINTIFF**
Reg. #18162-076

v.     CASE NO.: 2:09CV00078 SWW/BD

**RINGWOOD, et al.**  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the recommended disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. **Introduction:**

Plaintiff, Muhammad El-Amin, a Bureau of Prisons ("BOP") inmate, filed this action pro se under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).[1] In his Complaint (docket entry #2), Plaintiff alleges that Defendants violated his First Amendment rights by serving him food containing pork. Plaintiff states that, as a Muslim, he is prohibited from eating pork.

Now Pending are Defendants' Motion for Summary Judgment (#19) and Plaintiff's Motion to File a Supplemental Complaint (#27). Defendants have responded (#28) to Plaintiff's motion. Plaintiff, however, has failed to respond to Defendants' motion, even though this Court directed Plaintiff to respond (#22), and later granted Plaintiff's request for a sixty-day extension of time to respond (#25). For the following reasons, the Court recommends that Defendants' Motion for Summary Judgment (#19) be GRANTED, and that Plaintiff's Motion to File a Supplemental Complaint (#27) be DENIED.

---

[1] Defendants request dismissal of Plaintiff's claim brought under the Federal Tort Claims Act ("FTCA"). Plaintiff never mentions the FTCA in his Complaint, although he does attach an incomplete FTCA claim form as one of a number of attachments (#2, p. 10). As noted by Defendants, Plaintiff did not sue the United States, the proper party for claims brought under the FTCA. Plaintiff invoked this Court's jurisdiction under 28 U.S.C. § 1331, not 28 U.S.C. § 1346(b)(1). In addition, this Court's screening Order noted only a *Bivens* claim, for alleged violations of Plaintiff's First Amendment religious rights (#5). Since Plaintiff has not brought an FTCA claim in the immediate action, the Recommended Disposition does not address the FTCA.

**III. Background:**

Plaintiff alleges that BOP officials served him pork products, without his knowledge, from May 2008, until September 2008, in violation of his First Amendment right to adhere to his Muslim faith (#2). Defendants do not address the merits of Plaintiff's allegations. Instead, they argue that Plaintiff failed to exhaust his administrative remedies through the BOP administrative remedy process.

In Plaintiff's motion to file a Supplemental Complaint (#27), he alleges that two BOP employees, who are not Defendants to this action, have retaliated against him for commencing this lawsuit. Defendants object to Plaintiff's motion, noting their pending dispositive motion and the fact that Plaintiff is attempting to name additional defendants and add a new claim.

**IV. Discussion:**

    A.    Motion for Summary Judgment (#19)

        1. *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of*

*Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    2. *Failure to Exhaust*

Congress enacted the Prison Litigation Reform Act ("PLRA") to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA requires administrative exhaustion prior to the commencement of a lawsuit challenging prison conditions. "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). If exhaustion is not completed at the time the lawsuit is filed, dismissal is mandatory. *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003).

The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing

4

litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S.199, 127 S.Ct. 910, 923 (2007); see also *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385 (2006).

In their motion, Defendants argue that Plaintiff failed to exhaust administrative remedies available through the BOP grievance process. In support of this argument, Defendants submit the Declaration of James D. Cook, Supervisory Attorney assigned to the BOP's Consolidated Legal Center at the Federal Transfer Center in Oklahoma City, Oklahoma (#20-2). In his Declaration, Mr. Cook sets out the requirements of the BOP administrative remedy procedure. Essentially, the BOP's administrative remedy procedure consists of an officer's attempt to informally address an inmate's grievance or complaint, followed by three formal levels of administrative review.

At the first level, an inmate is required to file a Request for Administrative Remedy, commonly referred to as a BP-9, with the Warden at the local institutional level. The second level requires an appeal to the Regional Director in the Regional Office, commonly referred to as a BP-10. The third and final level requires an appeal to the Office of the General Counsel of the BOP. This is a Central Office Administrative Remedy Appeal, or a BP-11.

Defendants presented evidence that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff has failed to respond to this evidence, despite a sixty-day extension to do so. Although Plaintiff attached exhibits to his Complaint showing he

attempted to exhaust his administrative remedies, the evidence currently before the Court shows beyond genuine dispute that he did not follow the established grievance procedure. Legally sufficient administrative exhaustion requires compliance with administrative procedural rules. See *Woodford*, 126 S.Ct. at 2386 (proper exhaustion demands compliance with agency's deadlines and other critical procedural rules). Accordingly, Plaintiff's *Bivens* action should be dismissed without prejudice.

    B.    Motion to File a Supplemental Complaint (#27)

In Plaintiff's motion to file a Supplemental Complaint (#27), he alleges that two BOP employees, who are not Defendants to this action, have retaliated against him in violation of his First Amendment right to access the courts. Defendants object to Plaintiff's motion, noting their pending dispositive motion, and the fact that Plaintiff is attempting to name additional defendants and add a completely new claim.

Plaintiff states that the alleged retaliatory conduct occurred after he began this lawsuit. Plaintiff could not have exhausted his administrative remedies before filing this action. If exhaustion is not completed at the time the lawsuit is filed, dismissal is mandatory. *Johnson*, 340 F.3d at 627-628. Since dismissal of this potential claim would be mandatory, amending Plaintiff's current action would be futile. Accordingly, Plaintiff's motion to File a Supplemental Complaint (#27) should be DENIED. See *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (denial of leave to amend pleadings is appropriate when futility of the amendment can be demonstrated).

## V. Conclusion:

The Court recommends that Defendants' Motion for Summary Judgment (#19) be GRANTED, and this action be DISMISSED WITHOUT PREJUDICE. In addition, the Court recommends that Plaintiff's Motion to File a Supplemental Complaint (#27) be DENIED.

DATED this 22nd day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE